**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joe Newman,
      Plaintiff,

vs.

Show Low Police Department, et al.,
      Defendants.

CV 13-8005-PCT-JAT

**ORDER**

The court has reviewed Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court will grant that motion.

Also pending is Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.

1   At this stage of the litigation, the Court is unable to determine whether Plaintiff will
2   succeed on the merits.  The Court has read the complaint and finds that Plaintiff is able to
3   articulate his claims *pro se*, and that the issues presented are not particularly complex.
4   Accordingly, the Court will deny appointment of counsel at this time.

**IT IS ORDERED GRANTING** the application for leave to proceed in forma pauperis, without prepayment of costs or fees or the necessity of giving security therefor. Service by waiver or service of the summons and complaint shall be at government expense on the defendants by the U.S. Marshal or his authorized representative.  The court directs the following:

(1)   The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for the Defendant(s).

(2)   Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant(s) within 120 days of the filing of the Complaint, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(4)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 3) is denied.

DATED this 24th day of January, 2013.

James A. Teilborg
United States District Judge