WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Newman,<br><br>  Plaintiff,<br><br>v.<br><br>Show Low Police Department; Steve Williams; Officer Spears; Officer Fechtelkotter; Officer Roby; Officer Douglas; Torel Nichols; and Commander McNeil,<br><br>  Defendants. | No. CV-13-08005-PCT-JAT<br><br>**ORDER** |

Pending before the Court are (1) Plaintiff's Motion for Extension of Time/Third Motion to Appoint Counsel (Doc. 22), (2) Defendant Torel Nichols' Motion to Dismiss (Doc. 14), (3) Defendants Show Low Police Department, Steven L. Williams, Jason Spear, Shawn T. Roby, Cory L. Fechtelkotter, Kenneth E. Douglass, and Jeff McNeil's Joinder in Defendant Torel Nichols' Motion to Dismiss (Doc. 24), and (4) Defendants' Motion for Hearing or Conference (Doc. 26).

**I.   BACKGROUND**

On January 8, 2013, Plaintiff filed a Complaint against Defendants. In his Complaint, Plaintiff alleges that he was physically injured when Show Low Police officers assaulted him with excessive force on January 27, 2011. (Doc. 1 at 1). Plaintiff also alleges that Steve Williams "along with the other named officers" falsely arrested Plaintiff on January 27, 2011. (*Id.*).

Plaintiff also filed a Motion to Appoint Counsel on January 8, 2013. The Court denied the Motion reasoning that:

> There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.
>
> At this stage of the litigation, the Court is unable to determine whether Plaintiff will succeed on the merits. The Court has read the complaint and finds that Plaintiff is able to articulate his claims *pro se*, and that the issues presented are not particularly complex.
>
> Accordingly, the Court will deny appointment of counsel at this time.

Doc. 6.

Thereafter, on February 5, 2013, Plaintiff filed another Motion to Appoint Counsel, apparently seeking reconsideration of the Court's prior Order denying the Motion to Appoint Counsel. The Court again denied that request finding that Plaintiff had provided no reason for the Court to reconsider its prior Order.

Plaintiff has now filed a third Motion to Appoint Counsel. On April 16, 2013, Defendant Torel Nichols moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Thereafter, on May 7, 2013, Plaintiff filed a

"Supplement Amendment to Complaint" (Doc. 23), wherein he attempts to supplement the allegations of his Complaint as alleged against Defendant Torel Nichols. On May 9, 2013, the remaining Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court now rules on the Motions.

## II.  PLAINTIFF'S MOTION FOR EXTENSION OF TIME/THIRD MOTION TO APPOINT COUNSEL (DOC. 22)

In his Motion for Extension of Time/Third Motion to Appoint Counsel, Plaintiff states that he broke his hip on April 27, 2013 and is not to use his leg for 6-8 weeks. (Doc. 22 at 1). Plaintiff also states that he will not know if another procedure is required for another 24 months. (*Id.*). Plaintiff claims that a continuance of this case is required "because the plaintiff is now unable to conduct himself while he is under and in assisted nursing facility for a broken hip and is and will be receiving extended treatment and therapy." (*Id.* at 1). Plaintiff finally argues that, in light of his "current health obstacles and including the expected kidney cancer surgery and the medical treatment for fibromyalgia[,] the plaintiff needs an appointed counsel." (*Id.*).

With regard to Plaintiff's Third Request for Appointed Counsel, Plaintiff has again failed to meet the standard for appointing counsel as specified in the Court's prior two Orders denying Plaintiff counsel. Accordingly, Plaintiff's Third Motion to Appoint Counsel is denied.

With regard to Plaintiff's request for continuance, it is not clear what Plaintiff is seeking to continue. To the extent Plaintiff's Motion is attempting to request a stay of this entire case for an unspecified period of time, that request is denied. To the extent that Plaintiff is unable to meet deadlines in this case and seeks extensions of time for particular matters, he may move for extensions on those particular matters as needed. Accordingly, Plaintiff's Motion for Extension of Time is denied.

///

//

/

### III. DEFENDANT TOREL NICHOLS' MOTION TO DISMISS (DOC. 14) AND DEFENDANTS SHOW LOW POLICE DEPARTMENT, STEVEN L. WILLIAMS, JASON O. SPEAR, SHAWN T. ROBY, CORY L. FECHTELKOTTER, KENNETH E. DOUGLASS, AND JEFF MCNEIL'S JOINDER IN DEFENDANT TOREL NICHOLS' MOTION TO DISMISS (DOC. 24)

Defendants argue that Plaintiff's Complaint must be dismissed because: (1) Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), (2) the individual Defendants are entitled to absolute or qualified immunity, and (3) Defendant Show Low Police Department is a non-jural entity. Plaintiff did not respond to either Motion to Dismiss. However, after Defendant Nichols filed a Motion to Dismiss, Plaintiff filed a "supplement" to his Complaint, in an attempt to assert additional facts against Defendant Nichols.

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41 (1957)).

A complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and

the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000).

In his Complaint, it appears that Plaintiff is attempting to assert a claim pursuant to 42 U.S.C. section 1983. *See* Doc. 1 (the court can "hear and decide [this] case under 42 U.S.C. [§] 1983 statute"). Although Plaintiff alleges that his civil rights were violated, Plaintiff does not specifically identify the basis of his section 1983 claim.

Section 1983 is not a source of substantive rights on its own. *Graham v. Connor,* 490 U.S. 386, 393–394 (1989). Section 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Id.* at 394 (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986) (citing *Smith v. Cremins,* 308 F.2d 187, 190 (9th Cir. 1962)). "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker,* 443 U.S. at 140.

Plaintiff alleges that Show Low Police officers assaulted him with excessive force and falsely arrested him. While the Court and Defendants may be able to guess at what constitutional rights Plaintiff believes have been violated based on these facts, Plaintiff has not identified the basis of his legal causes of action. Plaintiff's "supplement" to his Complaint[1] purports to state additional factual bases for his claims against Defendant Nichols. (Doc. 23 at 1). However, Plaintiff's supplement is largely incoherent. For instance, Plaintiff alleges that Defendant Nichols repeatedly dismissed charges for lack of evidence and that Defendant Nichols acknowledges that plaintiff was falsely arrested and

---

[1] While a Plaintiff is permitted to file an Amended Complaint within 21 days of service of a motion made under Federal Rule of Civil Procedure 12(b) without seeking leave of Court, the Court is not aware of any rule allowing Plaintiff to file the type of supplement to a Complaint that he filed in this case. Nonetheless, the Court has considered the additional factual allegations in the supplement for the purposes of deciding the motions to dismiss.

- 5 -

imprisoned. (*Id.*). Plaintiff then alleges that a video used as evidence has been tampered with and altered by a video software company and that all of the officers' sworn statements at the time of Plaintiff's arrest were never heard. (*Id.*). Finally Plaintiff concludes that, "[a]fter the hearing Judge Price had resigned, though Mr. Torel Nichols ignored the facts in order to convict the plaintiff as a criminal abusing his public position in order to try to clear the police department of any responsibility while betray [sic] the publics [sic] trust to be fair[.]" (*Id.*). Due to their incoherent nature, these additional factual allegations do not aid the Court in determining what Plaintiff's legal claims are against any Defendants, nor do the factual allegations appear to give rise to any legal claim.

Further, although Plaintiff alleges in a conclusory manner that he was assaulted with excessive force and that Steve Williams, along with other Defendants, falsely arrested him, Plaintiff has failed to plead enough facts to state a claim upon which relief can be granted.

Plaintiff alleges in a conclusory manner that he was "falsely arrested." However, that is a legal conclusion. Plaintiff has provided no facts that, if accepted as true, would lead the Court to conclude that Plaintiff was arrested without probable cause in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. *See Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992). Plaintiff next alleges that unspecified Show Low Police Officers used a Taser on him and beat him, which Plaintiff concludes resulted in excessive force. Plaintiff has failed to identify which Defendants, if any, used a Taser on him or beat him and has failed to plead any of the facts surrounding these events. Accordingly, Plaintiff has failed to put the individual Defendants on notice of the claims against them and has, thus, failed to state claim for relief upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are granted.

1  Defendant Nichols argues that the claims in the Complaint must be dismissed against him because he is entitled to absolute immunity for his actions as a Deputy Navajo County Attorney in prosecuting Plaintiff.  While Defendant Nichols may indeed be entitled to absolute immunity based on any claims that Plaintiff may have against him, as discussed above, the Court is unable to ascertain the nature of the claims asserted against Defendant Nichols and, thus, cannot determine whether Defendant Nichols is entitled to absolute immunity on those claims.

The remaining individual Defendant police officers also move for dismissal claiming they are entitled to qualified immunity on Plaintiff's claims against them.[2]

---

[2]  Defendants assert that the state court already determined that Plaintiff was resisting arrest and using physical force against the Officers and, thus, any claim of excessive force is not subject to reasonable dispute.

The Court cannot take evidence on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and must accept Plaintiff's version of the facts as true.  Nonetheless, Defendants argue that the Court can take judicial notice of the state court's determinations in Plaintiff's state court case for the purpose of determining whether qualified immunity is appropriate.  The Court does not agree that the facts in the state court's opinion are a proper subject of judicial notice.

> While the Court can take judicial notice of the existence of those opinions as they are public records, whose accuracy cannot reasonably be questioned, the Court cannot take judicial notice of the facts in those opinions for their truth. *See, e.g., U.S. v. Ritchie,* 342 F.3d 903, 908–909 (9th Cir. 2003) (Pursuant to Federal Rule of Evidence 201(b), "[f]acts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule 201(b)(2).").
>
> This Court can take notice that other courts stated certain facts, but cannot take judicial notice of the facts themselves.

*Cooke v. Town of Colorado City*, __F.Supp.2d___, 2013 WL 1189687, at *25 n.4 (D. Ariz. 2013).

- 7 -

While the remaining individual Defendants may indeed be entitled to qualified immunity based on any claims that Plaintiff may have against them, as discussed above, the Court is unable to ascertain the nature of the claims asserted against those Defendants and, thus, cannot determine whether they are entitled to qualified immunity on those claims.

Finally, Defendants argue that Defendant Show Low Police Department must be dismissed because it is a non-jural entity. Defendants argue that no statute gives the Show Low Police Department the power to sue or be sued and, thus, it should be dismissed because it is not an entity subject to suit. Plaintiff has not pointed to any authority giving the Show Low Police Department the power to sue or be sued. Accordingly, the Show Low Police Department is a non-jural entity and is dismissed from this case with prejudice.

The Court will allow Plaintiff to file an amended complaint. If Plaintiff chooses to file an amended complaint, Plaintiff must identify which Defendant is responsible for which wrongs to adequately put the individual Defendants on notice of the claims against them. *See McHenry v. Renne,* 84 F.3d 1172, 1176, 1178 (9th Cir. 1996) (where complaint links plaintiffs' fact allegations to specific defendants, it [must also] inform defendants of the *legal* claims being asserted.") (emphasis in original). Moreover, Plaintiff must clearly identify his legal theories in separate causes of action. The Complaint must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 1177. Further, any amended complaint will serve as the operative pleading in this case, so Plaintiff must include all of his legal theories and the entire factual basis for those theories in the amended complaint. Finally, Plaintiff shall not reassert any legal theories against the Show Low Police Department as

---

Thus, the Court will not take judicial notice of the state court's factual findings for the purpose of determining qualified immunity. Alternatively, it is unclear whether Defendants intended to argue that *Heck v. Humphrey*, 512 U.S. 477 (1994) somehow bars Plaintiff's claims in this case or that Plaintiff's claims might otherwise be barred by res judicata and/or collateral estoppel. As a result, the Court will not address these theories.

1 it has been dismissed with prejudice.

2 Plaintiff is further warned that if he fails to file responses to any future motions filed by Defendants, the Court will deem Plaintiff's failure to respond to be consent to granting the motion. *See* LRCiv 7.2(i).

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time/Third Motion to Appoint Counsel (Doc. 22) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Hearing or Conference (Doc. 26) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant Torel Nichols' Motion to Dismiss (Doc. 14) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that Defendants Show Low Police Department, Steven L. Williams, Jason O Spear, Shawn T. Roby, Cory L. Fechtelkotter, Kenneth E. Douglas, and Jeff McNeil's Joinder in Defendant Torel Nichols' Motion to Dismiss (Doc. 24) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that Defendant Show Low Police Department is dismissed without prejudice because it is a non-jural entity.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Plaintiff's Complaint is dismissed. **IT IS ORDERED** that Plaintiff shall file an amended complaint in compliance with the parameters set forth in this Order within 20 days of the date of this Order. If Plaintiff fails to file an amended complaint within 20 days of the date of this Order, this case will be dismissed with prejudice without further notice.

Dated this 10th day of June, 2013.

James A. Teilborg
Senior United States District Judge