**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Newman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Show Low Police Department; Steve L. Williams; Jason O. Spears; Shawn T. Roby; Cory L. Fechtelkotter; Kenneth E. Douglass; Jeff McNeil; Torel Nichols,<br><br>　　　　　Defendants. | No. CV-13-08005-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendants Steven L. Williams, Jason O. Spears, Shawn T. Roby, Cory L. Fechtelkotter, Kenneth E. Douglass, and Jeff McNeil's Motion to Dismiss (Doc. 29) as well as Defendant Torel Nichols' Second Motion to Dismiss (Doc. 30).[1] The Court now rules on the motions.

## I. Background

Plaintiff initially filed a complaint alleging that City of Show Low police officers used excessive force while falsely arresting Plaintiff, causing Plaintiff to suffer physical injury. (Doc. 1). Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 14; Doc. 24). The Court granted Defendants' motion, finding Plaintiff's complaint contained only conclusory allegations and failed to state facts upon which relief could be granted. (Doc. 27 at 6). However, the Court

---

[1] For convenience, the Court refers to both motions as simply "Defendants' motions."

permitted Plaintiff to amend his complaint. (Doc. 27 at 9). Plaintiff subsequently filed his First Amended Complaint (the "Amended Complaint") (Doc. 28).[2] Defendants now move to dismiss Plaintiff's Amended Complaint. (Doc. 29; Doc. 30).

Plaintiff's Amended Complaint clarifies that Plaintiff seeks damages based upon alleged violations of his Fourth and Sixth Amendment rights, apparently related to Plaintiff's criminal conviction on unspecified charges. (Doc. 28 at 1, 5, 9). Plaintiff alleges he was the subject of an unreasonable search and seizure, false arrest, and excessive force in violation of his Fourth Amendment rights. (*Id.* at 1). Plaintiff also alleges he was denied assistance of counsel and "a full discovery of unedited video evidence" pertaining to his original arrest and criminal prosecution in violation of his Sixth Amendment rights. (*Id.*)

Plaintiff makes specific allegations toward each of the Defendants. Plaintiff alleges Defendant Williams (1) grabbed Plaintiff while Plaintiff was sitting "in his seat" and compliant with Williams' instructions, (2) ordered Defendant Fechtelkotter to shoot Plaintiff with a Taser, and (3) interfered with a video recording (apparently of Plaintiff's arrest). (*Id.*)

Plaintiff alleges Defendant Fechtelkotter shot Plaintiff with a Taser while Plaintiff was standing and while other officers were holding Plaintiff's arms behind his back. (*Id.* at 3). Plaintiff also alleges Fechtelkotter later made false statements concerning the events of Plaintiff's arrest. (*Id.* at 3-4).

Plaintiff alleges Defendants Roby and Spears kneed Plaintiff in the back causing physical injury. (*Id.* at 4). Plaintiff alleges Roby and Spears later made false statements in Defendant Douglass' police report concerning these events. (*Id.*)

Plaintiff alleges Defendant McNeil violated Plaintiff's right to a fair trial and obstructed justice by not providing Plaintiff with an unedited copy of the "car cam"

---

[2] Although Plaintiff captions his Amended Complaint as "Amended supplement to complaint," (Doc. 28 at 1), "it is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (citation and internal quotation marks omitted).

evidence. (*Id.*)

Plaintiff alleges Defendant Douglass, who investigated the circumstances of Plaintiff's arrest, violated Plaintiff's right to a fair trial and obstructed justice when he "purposefully overlook [sic] the officers [sic] conflicting, contradictory sworn statements" to "clear his fellow officers of criminal activity." (*Id.* at 4-5).

Finally, Plaintiff alleges Defendant Nichols obstructed justice by knowingly using "criminally altered evidence" to convict Plaintiff of a crime. (*Id.* at 5).

Plaintiff purports to provide a legal basis for his allegations by including in his Amended Complaint a number of quotations and citations to case law concerning a governmental entity's liability under 42 U.S.C. § 1983. (*Id.* at 6-7).

## II.     Legal Standard

### A.     Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to state a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). But although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Id.* This requires more than merely "a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a complaint for failure to state a claim, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court does not have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* However, in "civil rights cases where the plaintiff appears pro se, the [C]ourt must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Id.*

### B.     42 U.S.C. § 1983

42 U.S.C. § 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To make out a cause of action under section 1983, [a] plaintiff[] must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "[t]he first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140 (quoting 42 U.S.C. § 1983).

## III.    Analysis

As stated, Plaintiff's Amended Complaint alleges both Fourth and Sixth Amendment violations giving rise to section 1983 liability. (Doc. 28 at 1).

### A.     Fourth Amendment

Plaintiff alleges two bases for a violation of his Fourth Amendment rights: false arrest and excessive force. (*Id.*) "A claim for unlawful arrest is cognizable under § 1983

as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001)). Thus, Plaintiff must plead facts that would show Defendants "ordered or otherwise procured the arrests and the arrests were without probable cause." *Id.* Plaintiff's Amended Complaint recites that Plaintiff was subjected to an unreasonable search and seizure, "falsely arrested," and "searched without a warrant." (Doc. 28 at 1). But these allegations are legal conclusions, not facts which, if true, would give rise to a violation of Plaintiff's Fourth Amendment rights. Because Plaintiff pleads no facts showing that Defendants procured his arrest without probable cause, the Amended Complaint fails to state a claim for section 1983 liability based upon Plaintiff's allegedly unlawful arrest.

Plaintiff also alleges several officers used excessive force during his arrest. A claim for excessive force "in the context of an arrest" is analyzed for a Fourth Amendment violation. *Graham*, 490 U.S. at 394. The mere use of force during an arrest does not constitute excessive force. *See Graham*, 490 U.S. at 396 (". . . the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion. . . ."). Whether an arresting officer used excessive force depends upon "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Although Defendants argue that Plaintiff "provides no facts surrounding the arrest beyond his blanket allegations that he was beaten, tased, searched, and seized," (Doc. 29 at 3), Plaintiff has pleaded sufficient facts such that his claim of excessive force is "plausible on its face," *see Iqbal*, 556 U.S. at 678, even if the details of his arrest are unclear. Plaintiff alleges that Defendant Fechtelkotter shot him with a Taser while Plaintiff was standing and other officers were holding Plaintiff's arms behind his back. (Doc. 28 at 3). These facts, if true, state a plausible claim that Fechtelkotter used force in

excess of that necessary to arrest Plaintiff while he stood with his arms restrained.[3] Furthermore, because Plaintiff alleges Defendant Williams ordered Fechtelkotter to shoot Plaintiff with the Taser, (*id.*), Plaintiff states a cognizable claim against Williams as well. *See Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

Plaintiff also states a cognizable claim against Defendants Spears and Roby for the use of excessive force. Plaintiff alleges that Spears and Roby drove their knees into Plaintiff's back causing serious, objective physical injuries. (Doc. 28 at 4). Read in context with Plaintiff's assertion that he was not resisting arrest, this is sufficient to state a claim against Spears and Roby.[4]

### B. Sixth Amendment

Plaintiff fails to state a cognizable claim under section 1983 for an alleged violation of his Sixth Amendment rights. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although Plaintiff alleges that he was denied effective assistance of counsel as well as video evidence possessed by Defendants that Plaintiff believes would have tended to exonerate him, (Doc. 1 at 1, 3), Plaintiff does not allege that the conviction which he seeks to challenge has been reversed. Accordingly, his section 1983 claims for alleged violations of his Sixth Amendment rights are not cognizable.

---

[3] The Court notes that Plaintiff may not survive summary judgment absent significant additional factual development of this claim.

[4] However, Plaintiff does not plead any facts which, if true, would state a section 1983 claim against Defendants Douglass, McNeil, and Nichols for the use of excessive force.

- 6 -

### C. City of Show Low Police Department

The Court previously dismissed Defendant City of Show Low Police Department as a non-jural entity not subject to suit and instructed Plaintiff to "not reassert any legal theories against the Show Low Police Department." (Doc. 27 at 8). However, Plaintiff's Amended Complaint devotes nearly two pages to a discussion of cases involving the section 1983 liability of a governmental entity pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). To the extent Plaintiff's Amended Complaint can be liberally construed as alleging a *Monell* claim, it fails to state a cognizable claim for relief because none of the remaining Defendants are a governmental entity.

### D. Plaintiff's Surreply

Plaintiff has filed a surreply to Defendants' Reply in Support of Defendants' Motion to Dismiss. *See* (Doc. 33). "Neither [Rule 7] nor the local rules of practice for this District provide for the filing of a surreply and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court." *Millenium 3 Techs. v. ARINC, Inc.*, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008). Regardless, the Court has read Plaintiff's surreply and finds that consideration of the arguments presented therein would not change its ruling.

## IV. Conclusion

The Court's prior Order instructed Plaintiff to "clearly identify his legal theories in separate causes of action" and to "set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" (Doc. 27 at 8). Despite the Court's liberal construction of Plaintiff's Amended Complaint, Plaintiff fails to state cognizable claims for relief pursuant to section 1983 based on either his false arrest or violations of his Sixth Amendment rights.

For the foregoing reasons,

**IT IS ORDERED** granting in part and denying in part Defendants' Motion to Dismiss (Doc. 29).

1 **IT IS FURTHER ORDERED** granting Defendant Torel Nichols' Second Motion to Dismiss (Doc. 30).

**IT IS FURTHER ORDERED** dismissing with prejudice all claims against Defendants Douglass, McNeil, and Nichols.

**IT IS FURTHER ORDERED** dismissing with prejudice all claims against Defendants Williams, Fechtelkotter, Spears, and Roby except excessive force. Thus, Plaintiff's sole remaining claims are the excessive force claims against Defendants Williams, Fechtelkotter, Spears, and Roby.

**IT IS FURTHER ORDERED** striking Plaintiff's "Reply to Defendants Counsel Motion to Dismiss" [sic] (Doc. 33).

Dated this 6th day of March, 2014.

James A. Teilborg
Senior United States District Judge