**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Newman, | No. CV-13-08005-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Show Low Police Department, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Appoint Counsel and Motion to Continue (Doc. 36) as well as Plaintiff's Motion for Reconsideration (Doc. 37). The Court now rules on the motions.

**I.     Background**

The Court will recount only the relevant portions of the procedural history. On January 8, 2013, Plaintiff filed a Complaint against Defendants, alleging that Plaintiff was physically injured when Show Low Police officers assaulted him with excessive force on January 27, 2011. (Doc. 1 at 1). Plaintiff's First Amended Complaint stated claims against Defendants for Fourth and Sixth Amendment violations of his rights during Plaintiff's arrest and subsequent criminal conviction. (Doc. 28 at 1, 5, 9). On March 6, 2014, the Court dismissed Plaintiff's Fourth Amendment claims against some defendants, and dismissed Plaintiff's Sixth Amendment claims against all defendants. (Doc. 34 at 7-8).

Plaintiff has now filed two documents with the Court asking for relief. Although neither is captioned, the first appears to be a motion to appoint counsel as well as a

motion to continue the Rule 16 Scheduling Conference. (Doc. 36). The second appears to be a motion for reconsideration to which Plaintiff attaches new evidence that he asserts supports his now-dismissed claims against Defendants. (Doc. 37).

**II.     Motion to Appoint Counsel**

Plaintiff has filed numerous motions to appoint counsel in this case. Plaintiff first filed a Motion to Appoint Counsel on January 8, 2013, (Doc. 3), which the Court denied, reasoning:

> There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.
>
> At this stage of the litigation, the Court is unable to determine whether Plaintiff will succeed on the merits. The Court has read the complaint and finds that Plaintiff is able to articulate his claims *pro se*, and that the issues presented are not particularly complex.

(Doc. 6 at 1-2).

Plaintiff subsequently filed another Motion to Appoint Counsel, (Doc. 7), which the Court denied, finding no "reason for the Court to reconsider its prior Order." (Doc. 8 at 2). Plaintiff then filed a third Motion to Appoint Counsel, which the Court also denied, finding Plaintiff had not met the standard for appointing counsel. (Doc. 27 at 3).

Plaintiff's fourth Motion to Appoint Counsel argues that he should be appointed counsel because he "can not afford one and because the doctor's order that [he] abstain from all stressful activities, since this is harmful to my current health condition and will also delay my recovery." (Doc. 36 at 1). Plaintiff again does not meet the standard for

appointing counsel, for the reasons stated in the Court's prior three Orders. Accordingly, Plaintiff's Motion to Appoint Counsel is denied. The Court is sympathetic to Plaintiff's difficulties, but Plaintiff bears the responsibility for obtaining representation by counsel, if he desires such representation.

**III.    Motion to Continue**

On March 6, 2014, following the resolution of Defendants' Motion to Dismiss, the Court issued an Order setting the Rule 16 Scheduling Conference for April 30, 2014. (Doc. 35). Plaintiff moves to continue this Scheduling Conference, arguing that he has "previous [sic] scheduled surgery at the U of A on [his] injured right kidney to be performed on 04/21/2014" with an "expected recovery of 6 weeks." (Doc. 36 at 1). In support, Plaintiff has attached a doctor's note from James A. Sielski, DO, dated March 14, 2014, which states that "pt to have surgery on April 21 2014 please excuse his absence until June 2014 so he can recover from surgery." (*Id.* at 2).

Accordingly, the Court will continue the Rule 16 Scheduling Conference to Wednesday, June 4, 2014 at 11 A.M. The Court will not grant Plaintiff another continuance.

**IV.    Motion for Reconsideration**

In Plaintiff's second filing, he reargues the facts surrounding his claims for false arrest dismissed in the Court's March 6, 2014 Order. (Doc. 37 at 1). Accordingly, the Court treats Plaintiff's filing as a motion for reconsideration of that Order. Generally, motions for reconsideration are appropriate only if: (1) the movant presents newly discovered evidence, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.* 5 F.3d 1255, 1263 (9th Cir. 1993). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ.P. 7.2(g)(1).

Plaintiff first contends that:

> A false arrest by Steve Williams traffic violation claim, a cracked windshield, which I showed prior to him arresting me my claim reply from the State of Arizona who reimbursed me for the damage caused to the windsheild [sic] by road construction debre [sic] constituted a false arrest. See copy enclosed.

(Doc. 37 at 1). Plaintiff attaches a copy of a form for "Notice of Claim Against the State of Arizona" in which he claims $253 against the State for damage to his windshield. (*Id.* at 3). Although Plaintiff's argument is somewhat unclear, he appears to be alleging that Defendant Williams arrested Plaintiff for having a cracked windshield and this arrest constituted a false arrest because Plaintiff had previously filed a claim against the State for allegedly causing the cracked windshield. *See* (*id.* at 1).

To have a viable claim for false arrest, Plaintiff must plead facts that would show Defendants "ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). Plaintiff fails to plead facts showing he was arrested for having a cracked windshield and that any such arrest was without probable cause.[1] Plaintiff's allegation that Defendant Williams committed a false arrest is a conclusory allegation that the Court disregards in reviewing a complaint for failure to state a claim. *See Daniels-Halls v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Plaintiff next contends that his conviction was "reversed and set aside or expunged" as required to allege a cognizable claim under 42 U.S.C. § 1983 for a violation of his Sixth Amendment rights. (Doc. 37 at 1). He attaches evidence that his judgment of guilt was set aside on September 11, 2013. (*Id.* at 2). But a cognizable claim under section 1983 for a conviction in violation of Sixth Amendment rights requires a plaintiff to "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

---

[1] Even if Plaintiff adequately pleaded facts showing he was arrested for having a cracked windshield, he has not pleaded facts showing any such arrest lacked probable cause.

- 4 -

corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citation omitted).

Plaintiff's conviction, although set aside upon Plaintiff's completion of a "cognitive awareness course," (Doc. 37 at 2), was not reversed on direct appeal, expunged by executive order, declared invalid, or called into question by a writ of habeas corpus. *Heck* requires that a conviction have been *invalidated*, *see* 512 U.S. at 487, which requires a successful attack on its legality. Arizona law, however, permits "*every* person convicted of a criminal offense" to apply "to have the judgment of guilt set aside" if that person has fulfilled "the conditions of probation or sentence and discharge by the court."[2] A.R.S. § 13-907(A) (emphasis added). A successful application does not invalidate the original conviction; it merely grants relief from the *effect* of the conviction. *See id.* § 13-907(C) (". . . shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction . . ."). Therefore, Plaintiff's successful application under Arizona law to have his judgment of guilt set aside did not invalidate the legality of his conviction.

Consequently, Plaintiff cannot state a cognizable claim for section 1983 relief stemming from a Sixth Amendment violation. The Court will deny Plaintiff's motion for reconsideration.

**V.    Conclusion**

For the foregoing reasons,

/ / /

/ / /

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 36) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue Court Appointed Dates (Doc. 36) is granted.

**IT IS FURTHER ORDERED** continuing the Rule 16 Scheduling Conference set for Wednesday, April 30, 2014 at 1:00 P.M to Wednesday June 4, 2014 at 11:00 A.M.

---

[2] Although the statute has some exceptions, for example for those convicted of "a dangerous offense," they are not relevant to this case. *See* A.R.S. § 13-907(D).

1  **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Reconsideration
2 (Doc. 37) (currently docketed as "Supplement re: Motion to Continue Court Appointed
3 Dates and Motion to Appoint Counsel").

4  Dated this 25th day of March, 2014.

James A. Teilborg
Senior United States District Judge