**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Newman,<br><br>    Plaintiff,<br><br>v.<br><br>Show Low Police Department, et al.,<br><br>    Defendants. | No. CV-13-08005-PCT-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion to compel and for release of part of the record, captioned as "Plaintiffs' Motion Rule 37(a)(2) Disclosure Discovery" (Doc. 52), and Plaintiff's second motion to compel, captioned as "Amend Complaint" (Doc. 53).

**I. Motion to Compel**

In its Rule 16 Scheduling Order, the Court prohibited discovery motions and in the event of a discovery dispute, required the parties to jointly contact the Court via conference call to request a telephonic conference. (Doc. 51 at 4). Plaintiff's motion to compel discovery is a discovery dispute filed in violation of the Court's Order and will be denied.

Defendants point out in their response to Plaintiff's motion that Plaintiff has repeatedly filed motions for what he perceives to be the "unedited" car cam video footage in contravention of the Court's rulings denying his motions. (Doc. 55 at 2). Defendants ask the Court to issue an order permitting Defendants to "not expend the time and resources to respond to any further discovery requests or motions filed by Plaintiff with

respect to production of the car cam video." (*Id.*) Defendants also ask for an award of attorneys' fees and costs in responding to the present motion. (*Id.* at 2-3). Because Plaintiff is pro se and may not have understood the effects of the Court's prior rulings, the Court declines to grant Defendants' requests at this time. However, **Plaintiff is admonished that the Court will consider any future requests for the unedited car cam video, absent a showing on new evidence that such video is relevant to this action, to be a purposeful disregard of the Court's prior rulings and an abuse of Court resources and the discovery process. Such requests may result in the imposition of monetary sanctions upon Plaintiff. Plaintiff is also advised that the Court may sanction Plaintiff for any future violations of either the Federal Rules of Civil Procedure or any of the Court's prior orders, including the Rule 16 Scheduling Order (Doc. 51).**

Plaintiff's motion to compel also asks the Court to return to Plaintiff two videos that Plaintiff previously filed with the Court. (Doc. 52 at 1). Once filed, these videos became part of the official public record of this case and the Court will not compromise that record by appropriating a portion of it to Plaintiff.

**II.     Second Motion to Compel**

Plaintiff has also filed a document that he labels as an "amend [sic] complaint" but which actually asks the Court "to order the defendant(s) to release this discoverable evidence to the Plaintiff to enable discovery." (Doc. 53 at 1). The evidence to which Plaintiff refers is the "car cam video" of his arrest and the surrounding timeframe. (*Id.*) Because this is a discovery motion filed without leave of court, it will be denied for the same reasons as Plaintiff's other motion to compel.[1]

---

[1] Plaintiff's filing contains a single paragraph of text in which Plaintiff asks for discovery and complains that Defendants have withheld discoverable evidence. Considering that an amended complaint supersedes the original, *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011), treating Plaintiff's filing as an amended complaint would eliminate all of Plaintiff's constitutional claims against Defendants and assert only a claim for a discovery violation. The latter is not an independent cause of action, and so Plaintiff would be left with no claims against Defendants. The Court presumes Plaintiff did not intend this outcome, and concludes that the filing is more appropriately treated as a motion to compel.

Defendants have chosen to treat Plaintiff's second motion to compel as an amended complaint and have filed an answer. (Doc. 54). Because Plaintiff's filing was ambiguous, the Court understands that Defendants felt it prudent to answer Plaintiff's filing to avoid default in the event the Court treated it as an amended complaint. However, because the Court construes Plaintiff's filing as a motion to compel and not as an amended complaint, the Court will strike Defendants' answer.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** denying Plaintiff's motion to compel (Doc. 52).

**IT IS FURTHER ORDERED** denying Plaintiff's motion for release of part of the record (Doc. 52).

**IT IS FURTHER ORDERED** denying Plaintiff's second motion to compel (Doc. 53).

**IT IS FURTHER ORDERED** striking Defendants' Answer to Plaintiff's "Amend Complaint" Filed June 11, 2014 (Doc. 54).

Dated this 26th day of June, 2014.

*James A. Teilborg*
Senior United States District Judge